IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

EDWIN ALLEN ROBERTS,

          Plaintiff,

v.                                            CIVIL ACTION NO. 6:11-cv-00684

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Edwin Allen Roberts's Complaint seeking review of the decision of the Commissioner of Social Security ("Commissioner") [ECF 2]. By standing order entered September 2, 2010 and filed in this case on September 30, 2011, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Stanley entered a PF&R [ECF 12] on October 23, 2012, recommending that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket. Plaintiff filed objections to the PF&R on November 1, 2012, to which the Commissioner responded in opposition on November 14, 2012.

---

[1] Carolyn Colvin became the Acting Commissioner of Social Security on February 14, 2013 and is automatically substituted as the Defendant in this action.

I.     BACKGROUND

Plaintiff filed applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") on April 3, 2009. He alleged disability as of March 8, 2009, due to knee, lower back, shoulder, and hand problems. His claims were denied initially as well as upon reconsideration. Upon Plaintiff's request, a hearing was held before Administrative Law Judge William R. Paxton ("ALJ") on March 17, 2011. By decision dated March 31, 2011, the ALJ determined that Plaintiff was not entitled to benefits. Using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, the ALJ found that (1) Plaintiff has not engaged in substantial gainful activity since the alleged disability onset date; (2) Plaintiff suffers from the severe impairments of chronic lumbar strain and arthralgias status post arthroscopy on the knees; (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) Plaintiff's impairments prevent the performance of past relevant work; and (5) Plaintiff has the residual functional capacity to perform light work, with the exception that he cannot climb ladders, ropes, or scaffolds and cannot crawl.

Plaintiff's request for review of the ALJ's decision was denied. Plaintiff instituted this action on September 30, 2011, seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). The sole issue before this Court is whether the decision to deny Plaintiff's disability claims was supported by substantial evidence. The magistrate judge has recommended that this Court find that the ALJ's decision was supported by substantial evidence and affirm.

II.     PLAINTIFF'S OBJECTIONS

Plaintiff's objections largely reiterate the arguments the magistrate judge rejected in her PF&R. Plaintiff contends that the ALJ failed in his duty to develop the record by not ordering a

post-hearing consultative examination. At the hearing, Plaintiff's representative requested that the ALJ order a consultative examination if needed to reach a "favorable" decision. (ECF 9-2 at 56.) Though Plaintiff received a consultative examination in August, 2009 after filing his SSI and DIB applications, he claimed that an additional exam was needed to provide updated information of his medical condition following a September 12, 2010 bicycle accident. Plaintiff asserts that he was financially unable to obtain sufficient medical treatment after the accident and reasons that the ALJ's duty to develop the record compelled him to order a second consultative examination to establish further evidence of Plaintiff's post-accident residual functional capacity. Plaintiff also contends that the magistrate judge erred in describing his burden to prove his disability.

## III.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b)(3), the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Court is not required to review, de novo or by any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The Court has a narrow role in reviewing claims brought under the Social Security Act. Its review is limited to determining whether the contested factual findings of the Commissioner are supported by substantial evidence and were reached through application of correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]'" *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It consists of more than a mere scintilla of evidence but

3

may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If substantial evidence exists, the Commissioner's final decision must be affirmed. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

## IV. DISCUSSION

After de novo review of the record, the Court concludes that the ALJ appropriately developed the evidence. The Court also finds that the magistrate judge properly applied relevant regulations and case law in evaluating the ALJ's decision.

The Social Security Administration uses a sequential five-step process to evaluate a disability claim. 20 C.F.R. § 404.1520. If a finding against disability is made at any step, no further review is necessary. *Id.* The inquiry asks (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe medical impairment; (3) whether the impairment meets or exceeds the severity of an impairment listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant's impairment prevents the performance of his or her past relevant work; and, if not, (5) whether the claimant can perform other types of work despite the impairment. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520).

Between steps three and four, the ALJ must determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520. The claimant's residual functional capacity is the most that the claimant can do despite his or her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ assesses the claimant's residual functional capacity based on the relevant evidence in the record. *Id.* § 404.1520. The residual functional capacity assessment is then used to evaluate the disability claim at steps four and five. *Id.* The claimant bears the burden of proof through step four of the analysis. *See Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cir. 2007)

(citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)). Should the claimant prove at step four that he or she is incapable of performing past relevant work, the burden then shifts to the Commissioner at step five to provide evidence of significant number of jobs in the national economy that the claimant could perform given his or her physical capability, age, education, and work experience. *Id.*

While the claimant bears the ultimate burden to prove disability, *Preston v. Heckler*, 769 F.2d 988, 991 n* (4th Cir. 1985) (citation omitted), the ALJ is charged with the duty to develop the record both for and against an award of benefits. *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (citing *Richardson*, 402 U.S. at 400-01). In carrying out that duty, the ALJ has discretion to determine whether or not to order a consultative examination. 20 C.F.R. § 404.1519a ("We may purchase a consultative examination to try to resolve an inconsistency in evidence, or when the evidence as a whole is insufficient to allow us to make a determination on your claim."). Consultative examinations are necessary only when the ALJ cannot obtain adequate information to make a decision from available medical sources. *Id.* § 404.1519a(a). Where the evidence is sufficient to make a determination on a claimant's disability, however, a consultative examination is not required. *Id.* A reviewing court "gives deference to an ALJ's decision about how much evidence is sufficient to develop the record fully and what measures . . . are needed in order to accomplish that goal." *Poyck v. Astrue*, 414 Fed. App'x. 859, 861 (7th Cir. 2011) (citation omitted). Reversal for failure to develop the record is warranted only where the failure is prejudicial. *See Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) ("To establish prejudice, a claimant must demonstrate that he or she 'could and would have adduced evidence that might have altered the result.'" (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984))).

The Court first turns to Plaintiff's argument that the magistrate judge misapplied *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981), in emphasizing his burden to establish a prima facie case of disability. Plaintiff contends that by proving that his impairments rendered him incapable of returning to past relevant work at step four of the sequential process, the burden shifted to the Commissioner to establish the existence of other jobs Plaintiff could perform. According to Plaintiff, the magistrate judge's reliance on *Hall v. Harris* failed to take into account the effect of this burden shift. Plaintiff seems to conclude that by establishing a prima facie case of disability at step four, it was incumbent upon the ALJ as part of the step five burden shift to order additional evidence to assess Plaintiff's residual functional capacity.

The magistrate judge did not err in articulating Plaintiff's burden of proof or in applying *Hall v. Harris*. Her brief reference to this case contributed to her discussion of the ALJ's duty to develop the record, not the burden of proof at step five to demonstrate the existence of other jobs that Plaintiff could perform. As the magistrate judge aptly reasoned, the burden shift does not create a greater obligation on the part of the ALJ to develop the record. It was ultimately Plaintiff's burden to furnish medical evidence to prove his disability. *See* 42 U.S.C. § 423(d)(5)(A). So long as the record was neither insufficient nor ambiguous, the Commissioner merely had the burden at step five to prove that Plaintiff could perform work in the national economy despite his impairments. *See* 20 C.F.R. § 404.1545(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity."). Based on the medical evidence Plaintiff had provided, the ALJ determined that his residual functional capacity permitted the performance of light labor, with some exceptions. The magistrate judge found that the ALJ had substantial evidence upon which to base this conclusion, and the Court cannot find fault with her analysis.

6

Plaintiff's claim that the ALJ erred in not ordering a post-hearing consultative examination is also without merit. The ALJ had sufficient medical evidence from both before and after Plaintiff's bicycle accident to evaluate Plaintiff's disability claim.[2] Prior to the bicycle accident, Dr. Stephen P. Nutter performed a consultative examination on August 5, 2009. Plaintiff complained of daily back and joint pain in the hands, elbows, shoulders, left hip, and knees. Dr. Nutter summarized his examination as follows:

> This 50 year old male claiming disability due to back pain and joint pain. There are range of motion abnormalities of the lumbar spine as noted above. Straight leg raise test is negative. There are no sensory abnormalities. Reflexes are abnormal as noted above. Muscle strength testing is normal. These findings are not consistent with nerve root compression.
>
> The claimant reports problems with joint pain. As noted above, there is joint pain, tenderness, swelling and decreased ROM. There is no synovial thickening, periarticular swelling, nodules or contractures consistent with rheumatoid arthritis.

(ECF 9-8 at 254.) Stage agency medical consultants Dr. A. Rafael Gomez and Dr. Atiya M. Lateef also performed residual functioning assessments of Plaintiff during late 2009. Dr. Gomez concluded that Plaintiff did not have a severe physical impairment, while Dr. Lateef determined that Plaintiff had a residual functional capacity to work at a medium exertional level. The ALJ gave little weight to their opinions because they were "inconsistent with the medical record of evidence." (ECF 9-2 at 24.)

On September 12, 2010, Plaintiff was struck on the right side by a vehicle while riding his bicycle. He hit his head on the vehicle's hood, but did not lose consciousness. The next day, Plaintiff sought medical treatment from St. Joseph's Hospital for knee and back pain. He had

---

[2] At the conclusion of the hearing, Plaintiff's representative suggested that the ALJ order a consultative examination if a "favorable" decision could not be obtained based on the available medical evidence. (ECF 9-2 at 56.) The magistrate judge correctly noted that the ALJ need only obtain additional medical evidence if the available evidence is insufficient to make a decision, not insufficient to make a "favorable" decision. (ECF 12 at 14.)

mild swelling in his right knee. Hospital records indicate that Plaintiff was in "no acute distress." (ECF 9-8 at 275.) Plaintiff also received treatment following his accident from Dr. Michael Shramowiat and attended two physical therapy sessions with Jamy Fox. At his October 4, 2010 examination with Dr. Shramowiat, Plaintiff again complained of lower back pain and pain in his right leg. Plaintiff reported that his symptoms were exacerbated by sitting and by bearing weight throughout the day. He had been taking Vicodin and Ibuprofen, which improved his condition. Dr. Shramowiat treated Plaintiff's symptoms with Viodin, Robaxin, and Meloxicam and referred him to physical therapy.

 Plaintiff presented at his initial physical therapy session on October 12, 2010 with a reported pain level of 6/10. He complained of lower back pain and pain in his right knee. Testing revealed strength in Plaintiff's right knee of 4+ to 5-/5 and strength in the left knee of 5/5. Straight leg raise tests were negative in both the right and left lower extremities. He reported to physical therapy for the second and last time on October 25, 2010. Plaintiff was able to participate in stretching, bicycling, and therapeutic exercises, after which he reported decreased lower back pain and that his right leg felt "great". (ECF 9-8 at 286.) Plaintiff also met with Dr. Shramowiat on October 25, 2010. Dr. Shramowait noted Plaintiff's continued complaints of lower back and right leg pain. Plaintiff's bilateral lower extremity strength was 5/5, and Plaintiff had a "weakly positive" right straight leg raise. (*Id.* at 281.)

 The Court finds that the ALJ had sufficient evidence to make a decision on Plaintiff's disability claim and properly acted within his discretion by concluding that a post-hearing consultative examination was unnecessary. The ALJ reviewed Plaintiff's post-accident medical evidence and found no material inconsistencies between it and Dr. Nutter's pre-accident consultative examination. (ECF 9-2 at 23-24.) The record as analyzed by the ALJ also does not

contain any ambiguities, as the medical evidence does not suggest that the bicycle accident significantly exacerbated any of the impairments that Dr. Nutter evaluated and addressed in his report. Plaintiff has not articulated how he was prejudiced by the ALJ's so-called failure to order a post-hearing consultative examination. He does not argue that an additional evaluation would have changed the ALJ's conclusion. For these reasons and as thoroughly discussed in the magistrate judge's PF&R, the ALJ's decision is supported by substantial evidence.

## V. CONCLUSION

Upon review of the administrative record and consideration of Plaintiff's arguments, the Court **FINDS** the Commissioner's decision is supported by substantial evidence and in accord with applicable law. For these reasons, the Court **ADOPTS** the PF&R [ECF 12], **OVERRULES** Plaintiff's objections [ECF 13], **DISMISSES** Plaintiff's Complaint [ECF 2], and **REMOVES** this matter from the Court's docket. A separate Judgment Order will be filed this day implementing the Court's judgment.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 6, 2013

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE